1999 UT 92

**BONNEVILLE BILLING & COLLECTION, a Utah Corporation, Plaintiff and Appellee,**

v.

**John C. JOHNSTON dba J.C. Johnston Company, Defendant and Appellant.**

**No. 990074.**

Supreme Court of Utah.

Sept. 24, 1999.

Ted K. Godfrey, Ogden, for plaintiff.

David J. Berceau, Salt Lake City, for defendant.

DURHAM, Associate Chief Justice:

¶1 Defendant John C. Johnston dba J.C. Johnston Company, appeals from a denial of his motion to set aside a default judgment in favor of plaintiff Bonneville Billing & Collections, Inc. Johnston alleges that the motion should have been granted because of a failure of service of process.

¶2 On March 3, 1998, Bonneville filed suit against Johnston, who runs a plumbing, heating, and air conditioning business registered as a DBA with the Utah Department of Commerce Division of Corporations. On February 22, 1998, a process server sought to serve Johnston by leaving a copy of the complaint and summons with Johnston's wife at the defendant's residence.

¶3 Subsequently, the trial court entered a default judgment against Johnston. Johnston then filed a motion to set aside the default judgment, alleging that service of process had failed because it did not comply with section 16–10a–504 of Utah Code Ann. (1995), which, he argues, is required by section 42–2–11(1)(a) of the Utah Code. Section 42–2–11(1)(a) provides:

> Any person conducting or transacting business in this state under an assumed name under this chapter shall, for service of process purposes, comply with and be subject to Sections 16–10a–501 through 16–10a–504, as though he were a corporation.

The trial court denied Johnston's motion. We review the district court's determination for correctness. *See State Dep't of Soc. Servs. v. Vijil*, 784 P.2d 1130, 1132 (Utah 1989); *Bonneville Billing v. Whatley*, 949 P.2d 768 (Utah Ct.App.1997).

¶4 The plain meaning of section 42–2–11(1)(a) does not suggest that a person operating a business under an assumed name is *only* subject to service of process if service conforms to the requirements of sections 16–10a–501 through 504. The statute is not a shield intended to protect persons operating under an assumed name but operates rather to protect those who do business with such persons. In the present case, Bonneville sued Johnston individually as "John C. Johnston dba J.C. Johnston Co." Further, it served Johnston in accordance with the requirements of Utah Rule of Civil Procedure 4(e)(1), which prescribes the appropriate method of service for service of process upon an individual. The fact that Johnston could also have been served in the same manner as a corporation does not render such service improper. We therefore affirm the decision of the trial court.

¶5 Chief Justice HOWE, Justice STEWART, Justice ZIMMERMAN, and Justice RUSSON concur in Associate Chief Justice DURHAM's opinion.